1/18/2018 3:13 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-18-000287
Ruben Tamez

CAUSE NO. D-1-GN-18-000287 _____

| | | |
|---|---|---|
| BARDOMIANO FERNANDEZ | § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| VS. | § § | 98TH _____ JUDICIAL DISTRICT |
| RONALD ERWIN MORGAN & RUMA TRANSPORT, LLC | § § § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, AND REQUEST FOR PRODUCTION TO RUMA TRANSPORT, LLC**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BARDOMIANO FERNANDEZ, Plaintiff herein, and files this Original Petition complaining of RONALD ERWIN MORGAN and RUMA TRANSPORT, LLC, Defendants herein, and would respectfully show unto the Court as follows:

### I. DISCOVERY TRACK

1.1   In compliance with Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff avers that discovery be conducted pursuant to Level 3.

### II. PLAINTIFF

2.1   Plaintiff, BARDOMIANO FERNANDEZ, is a resident of the State of Texas. Plaintiff brings this suit individually for his injuries and damages sustained as a result of this incident.

### III. DEFENDANTS

3.1   Defendant, RONALD ERWIN MORGAN   (hereinafter referred to as

**"Exhibit A"**

"Defendant" or "MORGAN"), is an individual who is a Florida Resident. He may be served with process at 5016 Flamingo Lane, Dade City, FL 33523-8839, or wherever he may be found.

3.2   Defendant, RUMA TRANSPORT, LLC, is a foreign corporation, and can be served through its registered agent, Thomas Joseph Ruma, at 1648 Wellington Woods Drive, Eureka, MO 63025, or wherever he may be found.

3.3   Plaintiff specifically invokes the right to institute this suit against whatever entity was conducting business in partnership with, joint venture with, and/or as employer of Defendant MORGAN, with regard to the events described in this Plaintiff's Original Petition. Plaintiff expressly invokes his right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

### IV. VENUE AND JURISDICTION

4.1   Venue is proper and maintainable in Travis County, Texas under §15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to the claims made the basis of this lawsuit occurred in Travis County, Texas.

### RULE 47 STATEMENT

4.2   Plaintiff pleads that he seeks monetary relief over $1,000,000.

### V. FACTS

**"Exhibit A"**

5.1    On January 15, 2017, Plaintiff Bardomiano Fernandez was a restrained driver of a 2006 Dodge Ram 1500 travelling southbound in the 2200 block of N. Interstate Highway 35. Insured Ronald E. Morgan was driving a 2006 Freightliner 18-wheeler directly behind Fernandez, while in the course and scope of his employment with Defendant RUMA TRANSPORT, LLC. Morgan did not control his speed, and crashed into Plaintiff's vehicle hard enough to push it into the vehicle in front of Plaintiff, a 2016 Dodge Ram driven by non-party Thomas English. Plaintiff sustained bodily injuries in this incident.

## VI. CLAIMS AGAINST DEFENDANTS

### A. NEGLIGENCE OF RUMA TRANSPORT, LLC AND RONALD ERWIN MORGAN

6.1    The incident complained of herein and the resulting injuries and damages to Plaintiff were proximately caused by the negligence of Defendants in one or more of the following respects:

    a.    Defendant MORGAN operated the vehicle in a careless and/or reckless manner;

    b.    Defendant MORGAN failed to maintain the vehicle that he was operating under proper control;

    c.    Defendant MORGAN failed to maintain a proper distance from Plaintiff's vehicle as to avoid colliding with it;

    d.    Defendant MORGAN failed to keep a proper lookout;

    e.    Defendant MORGAN failed to use due caution;

    f.    Defendant MORGAN failed to maintain an assured clear distance from

**"Exhibit A"**

    other vehicles;

  g.  Defendant MORGAN failed to exercise the degree of care and caution which would have been exercised by a person using ordinary care and caution in the same or similar circumstances.

6.2 Each of these acts and omissions, singularly or in combination with others, constitute negligence, and did proximately cause the incident and, are the sole and proximate cause or causes of Plaintiff's resulting permanent and life-altering injuries.

**B. NEGLIGENCE PER SE OF RUMA TRANSPORT, LLC AND RONALD ERWIN MORGAN**

6.3 Plaintiff adopts and incorporates all of the allegations contained herein. All conditions precedent have been met or have occurred. The actions and omissions of Defendant constitute negligence per se. Specifically, Plaintiff will show that Defendant:

  a. Failed to control speed;

  b. Was driving while distracted;

  c. Drove in willful and wanton disregard for the safety of persons or property on the roadway, in violation of Transportation Code §545.401(a).

6.4 Plaintiff would show that such conduct was negligent per se, and respectfully request the Court to instruct the jury accordingly.

## VII. RESPONDEAT SUPERIOR

7.1 At all times material hereto, Defendant MORGAN, the driver of the RUMA TRANSPORT, LLC truck at issue, was acting in the course and scope of his employment with Defendant RUMA TRANSPORT, LLC, and in furtherance of RUMA TRANSPORT, LLC business interests. At the time of the Collision, Defendant

**"Exhibit A"**

MORGAN was the authorized agent, servant, employee or independent contractor of Defendant RUMA TRANSPORT, LLC, and was acting on behalf of RUMA TRANSPORT, LLC, and in furtherance of RUMA TRANSPORT, LLC business interests. Accordingly, RUMA TRANSPORT, LLC is liable to Plaintiff for all of the damages herein under the principles of respondeat superior. Even if Defendant MORGAN was not an "employee" of RUMA TRANSPORT, LLC, he was nevertheless a statutory employee of RUMA TRANSPORT, LLC.

## VIII. NEGLIGENT HIRING, TRAINING, RETENTION & SUPERVISION BY DEFENDANT RUMA TRANSPORT, LLC

8.1   Plaintiff fully adopts and incorporates all of the allegations contained herein. RUMA TRANSPORT, LLC was negligent in hiring Defendant MORGAN as a commercial motor vehicle driver/operator and was negligent in retaining Defendant MORGAN as a commercial motor vehicle driver/operator. Such negligence was a proximate cause of the Collision and Plaintiff's resulting permanent and life-altering injuries. Defendant RUMA TRANSPORT, LLC was negligent in that it knew or should have known that Defendant MORGAN was incompetent and/or unfit to operate a vehicle on the roads of the State of Texas. Furthermore, RUMA TRANSPORT, LLC was negligent in failing to properly train and supervise Defendant MORGAN as a commercial motor vehicle driver/operator. Such negligence was a proximate cause of the Collision and Plaintiff's resulting permanent and life-altering injuries.

## IX. DAMAGES

9.1   Plaintiff BARDOMIANO FERNANDEZ has suffered, and will experience into the future, damages in the form of past and future mental and emotional anguish, pain

**"Exhibit A"**

and suffering in the past, pain and suffering in the future, past medical expenses, future medical expenses, lost wages, past and future physical disfigurement, past and future physical impairment, and all other elements of damages to which Plaintiff may show herself to be entitled under law. Damages are in an amount which exceeds the jurisdictional limitations of the Court.

## X. GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

10.1   Plaintiff BARDOMIANO FERNANDEZ is entitled to seek exemplary damages from Defendants for acts and/or omissions of gross negligence under the laws of Texas.

10.2   Plaintiff fully adopts and incorporates all of the allegations contained herein. All conditions precedent have been met or have occurred. When viewed objectively from the standpoint of Defendants at or around the time of the Collision, the actions and omissions of Defendants involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Defendants had actual and subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety and/or welfare of others. As such, the actions and omissions of Defendants constitute gross negligence.

## XI. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

11.1   Plaintiff BARDOMIANO FERNANDEZ seeks pre-judgment and post-judgment interest at the highest rate allowed by law.

## XII. REQUEST FOR JURY TRIAL

12.1   Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby requests a trial by jury.

## XIII. PRESERVING EVIDENCE

**"Exhibit A"**

13.1   Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting therefrom, including statements, photographs, videotapes, bill or bills of lading, weight tickets; any documents identifying the ownership and nature of the freight; audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voicemail(s), text message(s), any evidence involving the incident in question, and any electronic image, data file, or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

### XIV. REQUEST FOR DISCLOSURE

14.1   Plaintiff requests Defendant RUMA TRANSPORT, LLC respond to Request for Disclosure pursuant to Texas Rule of Civil Procedure 194.

### XV. REQUEST FOR PRODUCTION

15.1   Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, defendant RUMA TRANSPORT, LLC is requested to produce, within fifty (50) days of service of this request, the following information. Demand is hereby made for supplementation of the Defendants responses to this Request for Production as required by TEXAS RULE OF CIVIL PROCEDURE 193.5.

#### Definitions & Instructions

For purposes of the following Requests, the following definitions and instructions apply:

**"Exhibit A"**

"You", "Your" and "Defendant" means and refers to the named RONALD ERWIN MORGAN and/or RUMA TRANSPORT, LLC, responding to the request, as well as your attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

"Incident in Question" means and refers to the Incident described in Plaintiff's Original Petition.

"Document" means and includes writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

"Custodian" means the person or entity with care, custody, control of the item or document that is subject of inquiry. A request to identify the custodian of any item or document is a request to provide the name, address and telephone number of said custodian.

"Photograph" means and includes any motion picture, still picture, transparency, videotape, drawing, sketch, electronic image, negatives or any other recording of any non-verbal communication in tangible form.

You are not asked to divulge or provide any information or documents, which are privileged in nature. However, for each document or other requested information that you assert is privileged or is not discoverable, provide a privilege log within fifteen (15) days with the required information pursuant to TRCP Rule 193.3.

If a requested document once was but is no longer in the possession, custody or control of Defendant or any of its representatives, state what disposition was made of such document.

If any of these requests cannot be responded to in full, please respond to the extent possible, specifying the reason for Defendant's inability to fully respond, and stating whatever information or knowledge Defendant has concerning the portion to which Defendant cannot fully respond.

Pursuant to Overall v. Southwestern Travis Yellow Pages, a party is required to send the documents to the requesting party along with a copy of the response. Unless there are thousands of documents, a party is not permitted to merely make documents available at a

**"Exhibit A"**

specific location. 869 S.W.2d 629 (Tex. App.–Houston [14th Dist.] 1994).

### REQUESTS FOR PRODUCTION

1. Produce all job descriptions for each job position held by Defendant RONALD ERWIN MORGAN at RUMA TRANSPORT, LLC.

2. A copy of any agreement, and/or contract of employment that would govern Defendant MORGAN's relationship with any other entity or bear on the issue of "course and scope of employment" for which Defendant MORGAN was employed at the time of the Incident in Question with RUMA TRANSPORT, LLC.

3. Any written, taped, or mechanically reproduced statement made of any Defendant MORGAN and/or any representative of RUMA TRANSPORT, LLC.

4. Please produce statements made by Defendant MORGAN and/or any representative of RUMA TRANSPORT, LLC regarding the Incident in Question to his/their insurance company, its employees, agents, independent contractors, adjusters, or representatives, not including statements made to Defendant's attorney.

5. The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendants, Defendants' agents, or Defendants' insurers in the ordinary course of business. See Texas Supreme Court case In re Ford Motor Co., 988 S.W.2d 714, 719 (Tex.1998); Dunn Equip. v. Gayle, 725 S.W.2d 372, 374-75 (Tex. App.–Houston [14th Dist.] 1987, orig. proceeding.

6. Complete and clearly readable copies of the employment file maintained by the Defendant MORGAN, or Defendant MORGAN's employer, along with any other documents contained therein, in their precise state of existence on the date of the crash, including but not limited to the following documents:

    a. Any pre-employment questionnaires or other documents secured from Defendant prior to employment.

    b. Any and all completed applications for employment secured both before and/or after the actual date of contract or employment of Defendant.

    c. All medical examinations, drug tests, and certification(s) of medical examinations inclusive of expired and non-expired documents relative to Defendant.

**"Exhibit A"**

  e. All inquiries to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to and/or received by any of the Defendants, or other organizations on behalf of defendants, from state or federal governmental agencies, or other organizations, relative to Defendant's traffic and accident record.

  h. Hiring, suspension, termination, warning notices, complaints, letters, memorandums and any other similar type documents relative to the Defendant.

7. Produce any and all types of safety training taken by Defendant MORGAN regarding safe driving, how to avoid crashes, lane change, distracted driving and defensive driving that was in place for the years 2015-2017. Include the style and/or manner of the training (video, online class, live lecture, paper distribution, etc.) and whether the training required a completion certificate of the employees.

8. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the Incident in Question, including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

9. Produce all telephone records and other documents reflecting the use of any mobile device Defendant RONALD ERWIN MORGAN regularly uses, for the period beginning January 13, 2017, through January 16, 2017.

10. Produce Defendant RUMA TRANSPORT, LLC policies and procedures handbook.

11. Produce Defendant RUMA TRANSPORT, LLC safety guidelines hand book.

12. Please produce all pictures taken of the 2006 Freightliner bearing Missouri license plate 24AR6E, after the collision in this case.

13. Please produce all estimates, invoices, documents, service agreements, body shop pictures, body shop repair documents, for the repair of the 2006 Freightliner bearing Missouri license plate 24AR6E, after the collision in this case.

14. Produce all post-collision pictures taken of the trailer the Defendant was hauling at the time of the incident in question.

15. Please produce all estimates, invoices, documents, service agreements, body shop pictures, body shop repair documents, for the repair of the trailer the Defendant was hauling at the time of the incident in question.

**"Exhibit A"**

16. Please produce all records pertaining to the trailer and material the Defendant was transporting at the time the incident in question occurred. This request includes but is not limited to bill of lading, weight tickets, and documents identifying the ownership and nature of the freight.

17. Please produce all of the Defendant's logbook records from October 1, 2016, through January 30, 2017.

18. Please produce all GPS tracking device records pertaining to the 2006 Freightliner bearing Missouri license plate 24AR6E from October 1, 2016, through January 30, 2017.

19. Please produce all documents reflecting Defendant RUMA TRANSPORT, LLC policies and procedures for the operation of distributing vehicles and/or 18 wheelers in the State of Texas in place on January 15, 2017.

20. Please produce all documents reflecting RUMA TRANSPORT, LLC safety guidelines for the operation of distributing vehicles and/or 18-wheelers in the State of Texas in place on Jnuary 15, 2017.

## XVI. FIRST SET OF INTERROGATORIES

16.1 Pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to answer, within fifty (50) days of service of this request, the following Interrogatories.

### Definitions & Abbreviations

Plaintiff sets forth the following definitions or abbreviations of various words and phrases that are contained in the Interrogatories. Plaintiff provides the following definitions and abbreviations for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., (1) to help the Defendants fully and accurately understands the objectives of Plaintiff's discovery efforts and (2) to simplify and assist the Plaintiff in Plaintiff's efforts to locate and furnish the relevant information and documents. <u>It is expressly stipulated and agreed by Plaintiff's that an affirmative response on the part of Defendant will not be construed as an admission that any definition or abbreviation contained hereto is either factually correct or legally binding on Defendant.</u>

A. DEFENDANT: As used herein, the term "Defendant" means the named Defendants listed above, and/or answering the request, his/her representatives, agents, and counsel.

B. MULTIPLE PART ANSWERS: Where an individual interrogatory calls for an answer which involves more than one part or subpart, each part of the answer should be set forth separately so that it is clearly understandable and responsive to the respective

**"Exhibit A"**

interrogatory or subpart thereof.

C. YOU OR YOUR: Where the term "you or your" is used in the interrogatories or instructions, it is meant to include the person(s) referenced in definition "A" above.

D. WRITING OR WRITTEN: The term "writing" or "written" are intended to include, but not necessarily be limited to the following: hand writing, type writing, computer printouts, printing, photograph, and every other means of recording upon any tangible thing or any form of communication, including letters, words, pictures, sounds or symbols or combinations thereof; and they further include any oral communication later reduced to writing or confirmed by a letter.

E. DOCUMENT(S): The term "documents" shall mean writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but also in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

F. PERSON: "Person" as used herein means an individual, corporation, partnership, association, trust, governmental entity, and any otherwise described entity.

G. PERSON(S) IDENTITY: When an interrogatory requests that you identify a person please state:

    1. His or her full name;
    2. His or her present or last known address;
    3. His or her present employers name and address; and
    4. His or her occupational position or classification.

H. "IDENTIFY" or "IDENTIFICATION":

**"Exhibit A"**

1. As to a person: When used in reference to a person or individual, the terms "identify" or "identification" mean to state his/her full name, address, and telephone number.
2. As to an entity: The terms "identify" or identification" when used in reference to an entity such as a corporation, partnership or association, mean to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.
3. As to a document: When used in reference to a document, the terms "identify" or "identification" shall include the following:
   a. The title, heading or caption of such document.
   b. The date appearing on such document; or if no date appears, the approximate date on which the document was prepared.
   c. A general description of the document.
   d. The name of the person who signed the document or statement that it was unsigned.
   e. Name of the person or persons who prepared the document.
   f. Name of the person or persons to whom the document was addressed and to whom the document was sent.
   g. The physical location of the document.
4. As to a statement: When used in reference to a statement, the terms "identify" or "identification" shall include who made the statement, who took or recorded it, and all others, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who was present or last known possession, custody or control thereof.
5. To any other tangible thing: When used in reference to any other tangible thing, the terms "identify" or "identification" mean to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

I. INCIDENT IN QUESTION: The term "incident" or "incident in question" or similar reference as used herein refers to the Incident or Incident in Question described in Plaintiff's Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

J. "STATEMENTS" includes any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical, or other recordings, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**"Exhibit A"**

L. VEHICLE IN QUESTION: The term "vehicle in question" means the truck driven by RONALD ERWIN MORGAN at the time of the incident in question.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify the name(s) of the supervisor/manager of Defendant MORGAN, if any, on the date of the collision, and if different, name any and all supervisor(s)/manager(s) for thirty (30) days before the collision.

INTERROGATORY NO. 2: State the full name, current (or last known) address, and phone number of each person who has investigated the incident or incidents made the basis of this cause of action on your behalf and state the beginning and ending dates of each such person's investigation. This interrogatory includes, but is not limited to, insurance adjusters, persons employed by private adjusting firms, and private investigators. **Please be advised that routine claims investigation does not constitute activity in preparation of litigation.** Morris v. Texas Employers Insurance Association, 759 S.W.2d 14, 15 (Tex.App.- Corpus Christi 1988, writ denied).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear herein, that judgment be entered against Defendants in a reasonable sum that will compensate Plaintiff for actual damages, the amount of which exceeds the minimal jurisdictional limits of this Court, additional damages to which Plaintiff may show himself justly entitled under Texas law, together with pre-judgment interest, post-judgment interest at the highest rate from the date of judgment until paid, exemplary damages, costs of suit, and such other and further relief both general and special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

JOE LOPEZ LAW, P.C.

**"Exhibit A"**

                                                              1502 West Ave. | Austin, Texas 78701
                                                              T: 512.580.9962 | F: 512.532.7077
                                                              E: JL@JoeLopezLaw.com

By:   /s/ Joe Lopez
          Joe Lopez
          State Bar No. 24041358
          JL@JoeLopezLaw.com

ATTORNEY FOR PLAINTIFF BARDOMIANO FERNANDEZ

**"Exhibit A"**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED Bardomiano Fernandez v. Ronald Erwin Morgan and Ruma Transport, LLC
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Contact | Parties | Completing Sheet |
|---|---|---|
| Name: Joe Lopez | Plaintiff(s)/Petitioner(s): Bardomiano Fernandez | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Email: JL@JoeLopezLaw.com | | |
| Address: 1502 West Avenue | | Additional Parties in Child Support Case: |
| Telephone: 512-580-9962 | Defendant(s)/Respondent(s): Ronald Erwin Morgan, Ruma Transport, LLC | Custodial Parent: _____<br>Non-Custodial Parent: _____<br>Presumed Father: _____ |
| City/State/Zip: Austin, Texas 78701 | | |
| Fax: 512-532-7077 | | |
| Signature: /s/ | | |
| State Bar No: 24041358 | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
- Debt/Contract
  - ☐ Consumer/DTPA
  - ☐ Debt/Contract
  - ☐ Fraud/Misrepresentation
  - ☐ Other Debt/Contract:
- Foreclosure
  - ☐ Home Equity—Expedited
  - ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation
- Malpractice
  - ☐ Accounting
  - ☐ Legal
  - ☐ Medical
  - ☐ Other Professional Liability:
- ☒ Motor Vehicle Accident
- ☐ Premises
- Product Liability
  - ☐ Asbestos/Silica
  - ☐ Other Product Liability List Product:
- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus—Pre-indictment
- ☐ Other:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void
- Divorce
  - ☐ With Children
  - ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

### Probate & Mental Health

**Probate/Wills/Intestate Administration**
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☒ Over $1,000,000

Rev 2/13

**"Exhibit A"**

**THE LAWYER REFERRAL SERVICE OF CENTRAL TEXAS**
A Non-Profit Corporation

---

### IF YOU NEED A LAWYER AND DON'T KNOW ONE, THE LAWYER REFERRAL SERVICE CAN HELP

**512-472-8303**
866-303-8303 (toll free)
www.AustinLRS.com

Weekdays 8:00 am to 4:30 pm
$20.00 for first half hour attorney consultation
(free consultations for personal injury, malpractice, worker's compensation, bankruptcy, and social security disability)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303

---

### SI USTED NECESITA EL CONSEJO DE UN ABOGADO Y NO CONOCE A NINGUNO PUEDE LLAMAR A LA REFERENCIA DE ABOGADOS

**512-472-8303**
866-303-8303 (llame gratis)
www.AustinLRS.com

Abierto de lunes a viernes de 8:00 am–4:30 pm
$20.00 por la primera media hora de consulta con un abogado
(la consulta es gratis si se trata de daño personal, negligencia, indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303

---

**"Exhibit A"**